CIA. PANAMEÑA de SEGUROS, S.A., Plaintiff,

v.

PRUDENTIAL LINES, INC., as Owners and/or operators of the SS SANTA CLARA, Defendant (two cases).

Civ. Nos. 75–0332–B, 75–0363–B.

United States District Court, D. Canal Zone, Balboa Division.

March 19, 1976.

Roy V. Phillipps, Balboa, Canal Zone, for plaintiffs.

De Castro & Robles, Balboa, Canal Zone, for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

CROWE, District Judge.

The above cases having been consolidated as involving common questions of law and fact, the Motions for Summary Judgment as to Liability filed in each case by the respective plaintiffs were heard together.

Movants were represented by their counsel, Roy Phillipps P., and Defendant was represented by their counsel, Wood-

row de Castro. And the Court, having read the pleadings in the cases and having heard the oral arguments of counsel for the respective parties and being advised, finds the following—

### FACTS

1. That the two actions arise out of the same transaction, namely, the carriage of containers on the SS "SANTA CLARA" on the same voyage from New York to Cristobal, Canal Zone.

2. That the container of each of the subrogee plaintiffs were lashed and shored together and carried on deck with fifty-seven (57) other containers which Defendant admits were lashed and shored in the same manner as the two (2) containers of the subrogee plaintiffs.

3. That the two (2) containers of subrogee plaintiffs were the only ones which broke loose and were lost overboard and are the only two (2) containers which have been lost overboard by the SS "SANTA CLARA" from a period of one year prior to the date of the loss of the said two containers (that is to say, one year prior to January 13, 1975) and for a period subsequent thereto up to the time of answering interrogatories (December 4, 1975).

4. That the ship's deck log, attached to the Master's Affidavit in resistance to the Motions for Summary Judgment, shows that the force of wind at the time the two (2) containers were lost overboard was 7–8 on the Beaufort scale.

5. That only the two (2) containers which were lost overboard were affected by the roll and swell complained of by the Master as being the cause of the losses.

6. That the Master has stated in his aforesaid Affidavit that other than the sea conditions (of roll and swell), the weather was normal in every respect for this part of the ocean at that particular time of the year and visibility was excellent, skies were clear with a strong but not exceptional wind.

7. That the SS "SANTA CLARA" was constructed primarily to carry breakbulk cargo with provision to carry containers both on deck and below deck and that since she entered service only the two (2) containers which are the subject of this litigation have been lost overboard.

8. That from the pleadings on file and exhibits attached thereto, on which the Motions were heard, no genuine issue as to any material fact has been shown to exist and that the Plaintiffs are entitled to interlocutory judgment as to liability.

And the Court further makes the following

### CONCLUSIONS OF LAW

1. That wind force of 7–8 on the Beaufort Scale is not sufficient, in the circumstances, to be considered a Peril of the Sea which would exonerate the Carrier from liability for the loss of the two (2) containers.

2. That there was lack of proper care and custody of the two (2) containers of the subrogee plaintiffs as evidenced by the fact that the roll and swell complained of by the Master of the SS "SANTA CLARA" only affected the two containers of the subrogee plaintiffs which were lashed and shored together, with no damage to any of the other containers on deck nor any damage to any structure of the vessel.

3. That Defendant is liable to the subrogee plaintiffs for the damages arising out of the loss of the containers.

It is therefore hereby

ORDERED, that the Motions for Summary Judgment as to liability of Defendant heretofore filed herein by the respective Plaintiffs be and the same are hereby granted and the Clerk of Court is directed to enter Interlocutory Judgment accordingly; and it is further

ORDERED, that these cases be continued for the purpose of establishing damages recoverable by Plaintiffs herein.