CIA. PANAMEÑA de SEGUROS, S. A., Plaintiff,

v.

**PRUDENTIAL LINES, INC., as Owners and/or operators of the SS SANTA CLARA, Defendant.**

CIA. GENERAL de SEGUROS, S. A., Plaintiff,

v.

**PRUDENTIAL LINES, INC., as Owners and/or operators of the SS SANTA CLARA, Defendant.**

Civ. Nos. 75–0332–B, 75–0363–B.

United States District Court, D. Canal Zone, Balboa Division.

July 16, 1976.

---

Roy Phillipps P., Balboa, Canal Zone, for plaintiff.

Woodrow De Castro, Balboa, Canal Zone, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

CROWE, District Judge.

The above cases were consolidated because they involve common questions of law and fact. On Motions for Summary Judgment as to Liability heretofore filed by Plaintiffs, same were granted and Judgment entered accordingly in favour of Plaintiffs on March 19, 1976, 409 F.Supp. 835.

Plaintiffs then filed Motions for Summary Judgment as to Quantum, alleging, fundamentally, that each package within the Containers was the Cogsa "package" for purposes of establishing carrier's limitation of liability under 46 U.S.C. 1304(5). Defendant resisted the Motion and alleged that each container is the Cogsa "package". A hearing was had on Plaintiffs' Motion for Summary Judgment as to Quantum and this Court ruled from the bench that a container is not the Cogsa "package" for the purposes of 46 U.S.C. 1304(5); that the Court neither considered that each one of the small packages in the containers, such as the 5,000 packages in the container in CV–75–0332–B was a "Cogsa" package since if said merchandise had been shipped break-bulk they would have been prepared or made up into larger packages, wherefore the Court held that it would look to the "customary freight unit" used by the carriers in such cases as a basis of their freight charge for the purpose of the limitation of 46 U.S.C. 1304(5).

Because of the lack of information before the Court at the time, as to the freight unit on which freight had been calculated, Plaintiffs' Motion for Summary Judgment as to Quantum was overruled and the matter left open for proof as to the "freight unit" used by carrier.

Defendant Carrier subsequently moved for Partial Summary Judgment moving the Court to set its liability at $500.00 *per con-*

*tainer,* predicating its demand on the following part of Paragraph 16. of the printed Bills of Lading form, to wit:

"It is agreed that the meaning of the word 'package' includes a container, van, trailer, pallet-unit, animal, piece, article, or thing constituting or containing goods shipped hereunder except goods shipped in bulk."

Attached as Exhibits "A" and "B" to the Defendant Carrier's motion were carrier's document entitled "Due Bill" which shows the details of how freight charges were calculated in the subject shipments. It appears thereon that freight was charged on the basis of "measurement ton", that is to say, each forty cubic feet (40 cu. ft.) of measurement was considered a "freight ton" and thus charged. Defendant Carrier's exhibits showed that said Defendant Carrier had charged, in the case of both containers which are the subject of this litigation, on 51.18 freight units.

Plaintiffs filed a resistance to Defendant Carrier's Motion for Partial Summary Judgment and, in turn, demanded Judgment as to Quantum on the basis of the Carrier's limitation being $500.00 per each of the 51.18 freight units which was now before the Court.

The matter was set down for argument on 7th. July, 1976, Defendant Carrier being represented by its counsel, Woodrow De Castro, and Plaintiffs being represented by their counsel Roy Phillipps P.

And the Court, having read all of the pleadings and having heard the oral arguments of counsel for the respective parties and being advised and in keeping with its Opinion of May 10, 1976, finds the following—

## FACTS

1. That in the case of the two (2) containers herein, lost overboard, freight was charged by defendant Carrier on the freight unit of "measurement ton", that is to say that each forty cubic feet (40 cu. ft.) of measurement of the packages was considered a freight unit.

2. That in each of the cases herein consolidated the Carrier charged freight on 51.18 freight units, being the amount arrived at by dividing the total cubic measurement of all packages by 40, and increasing the decimal to the highest hundredth to the benefit of the Carrier. (2047 ÷ 40 = 51.175).

3. That in the cases at bar the customary freight unit used was the measurement ton and in each case freight was charged on *51.18* freight units.

And the Court further makes the following—

## CONCLUSIONS OF LAW

■ 1. That the containers lost overboard by defendant carrier, in the consolidated cases herein, are not "packages" within the purview of 46 U.S.C. 1304(5).

■ 2. That neither is each one of the packages stuffed into the containers herein "packages" within the purview of 46 U.S.C. 1304(5).

■ 3. That the section of Paragraph 16. of the Bills of Lading covering the shipments herein, in so far as it states that a "container" is a "package" for the purpose of limiting Carrier's liability in this case under 46 U.S.C. 1304(5), is null and void since it is a lessening of Carrier's liability, which is contrary to 46 U.S.C. 1303(8). (*Shinko Baeki Co. v. S. S. "Pioneer Moon",* 2 Cir., 507 F.2d 342).

■ 4. That the customary freight unit in the cases herein is the unit on the basis of which the freight charged was calculated.

5. That the limit of Carrier's liability in each of the cases consolidated herein is $500.00 per each of the freight units on which the freight rate was charged, said limit of liability being, in the cases at bar, the sum of $25,590.00 in each case.

It is therefore hereby

ORDERED, that the Motion of Defendant in the above consolidated cases, for Partial Summary Judgment be and the same is hereby overruled; and it is further

ORDERED, that Plaintiff in Civil 75–0332–B, CIA. PANAMEÑA DE SEGUROS, S. A., having proved losses in the sum of $47,421.63, have and recover of and from defendant PRUDENTIAL LINES, INC. the sum of $25,590.00, being the maximum liability of said defendant for which it may be held liable to said Plaintiffs; and it is further

ORDERED, that Plaintiff in Civil 75–0363–B, CIA. GENERAL DE SEGUROS, S. A., having proved losses in the sum of $16,219.13, have and recover of and from defendant PRUDENTIAL LINES, INC. the said sum of $16,219.13 plus interest at the rate of 6% per annum from August 7, 1975, until paid, and its costs; and it is further

ORDERED, that Final Judgment enter in favour of Plaintiffs in Civil 75–0332–B and Civil 75–0363–B according hereto.